## SAME CASE ON A REHEARING.

BUCHANAN, J. A rehearing has been granted in this case, for the purpose of correcting an oversight which was committed, in affirming the judgment of the District Court generally.

That judgment consisted of two branches. It removed the mother of the minors from the tutorship: and it appointed *Marc Tassin*, their maternal grandfather, as their tutor.

This appointment of the grandfather as tutor, was premature. The Civil Code, Article 281 and following, makes it the duty of the Judge to appoint the grandfather as tutor in default of a father and mother. But this tutorship by the effect of the law, takes place only in case of the death of both father and mother. The legal effect of the deprivation of the mother's tutorship on account of her not having complied with the legal formalities, is, that a family meeting must be convened for the purpose of recommending for appointment a suitable person as dative tutor. Such family meeting might possibly recommend the mother herself, or it might recommend the grandfather, or some other person. The action of the Judge in the appointment should legally follow that of the family meeting. 3 Rob. 390. 4 Ann. 523. 5 Ann. 596.

It is therefore decreed, that our former judgment stand undisturbed, so far as it affirms the judgment of the District Court removing the defendant from the tutorship of her minor children; but that so far as the judgment of the court below appoints the plaintiff as tutor, the same be reversed, and the cause remanded, with instructions to the Judge below to proceed therein according to law and the principles of this decision; and that the appellee pay costs of the appeal, and appellant those of the court of the first instance.